```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


GARY L. MATTHEWS,

                    Plaintiff,

         v.                            CASE NO.  11-3221-SAC

ELIZABETH RICE,
SECRETARY OF CORRECTIONS
DESIGNEE, et al.,

                    Defendants.
```

## O R D E R

This pro se civil rights complaint was filed pro se 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Plaintiff claims violation of his constitutional rights in connection with his classification as a sex offender.

Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (Doc. 2) and has paid the initial partial filing fee assessed by the court. Accordingly, the court grants plaintiff's motion and assesses the remainder of the filing fee to be paid through payments automatically deducted from his inmate account.

## FACTUAL ALLEGATIONS AND CLAIMS

As the factual basis for his complaint, Mr. Matthews alleges as follows. In 1994, he was charged by state authorities with aggravated kidnaping and rape. In 1996, he was tried by a jury in <u>State v. Matthews</u>, Case. No. 95 CR 97, found guilty of aggravated kidnaping, and acquitted of rape. DNA evidence excluded him as the perpetrator of the rape. He was sentenced to prison. On November

29, 2006, he was released from prison.  KDOC informed him that upon his release he was required to register as a "violent offender."  In 2007, Matthews was charged with robbery in Case No. 07 CR 700.  On May 28, 2008, he was sentenced to 96 months in prison.  Upon his return to prison, he was not managed as a sex offender.  In December 2008 he was "notified by the Kansas Bureau of Investigation" that he was not required to register as a sex offender because he was not convicted of a sex crime or a crime that was determined to be sexually motivated.  On December 18, 2008, he received a letter from Shelia Sawyer-Taylor, Administrative Office/Offender Registration Unit, which stated:

> On December 5, 2006, the KBI Offender Registration Unit received your Kansas Offender Registration Form from the Lansing Correctional Facility.  It was determined that you will not be required to register in the State of Kansas at this time. . . .

"Out of the blue" late in 2010, Mr. Matthews was notified verbally that he was managed as a sex offender and placed under sex offender restrictions.

Mr. Matthews "filed for the post-deprivation override" under IMPP 11-115.  This "[r]equest for relief of being managed as a sex offender (was) denied as the sexually motivated indicator is checked on the Journal Entry indication that the offense of conviction was sexually motivated."  He was not aware of this "false reason" until after he received this decision.  He obtained a copy of the journal entry of his conviction from the trial court and found that it did not have the sexual motivator checked.  He also obtained a copy of his sentencing transcripts in Case No. 95 CR 97, and found they do not contain any consideration of the issue under K.S.A. 22-4902(c)(14) or a finding that his crime of aggravated kidnaping was

2

determined to be sexually motivated.  Policy "provides that no additional override request shall be considered" unless there is a new incident of sexual misconduct or relevant information is discovered that was not reasonably available at the time the initial request for override was submitted.  Mr. Matthews' wife called defendant Rice and asked why her husband was being managed as a sex offender.  Rice "falsely stated" that he had pled guilty and admitted to the crime.

Plaintiff alleges that he has not previously been convicted of any sex offense or sexually motivated crime.  He claims that given these facts, he was entitled to certain procedural protections before he could be classified as a sex offender.  See Gwinn v. Awmiller, 354 F.3d 1211, 1218-19 (10th Cir. 2005).  The procedural protections to which he claims entitlement include: (1) notice of the reasons for seeking the classification, (2) an opportunity to refute the reasons, including presentation of evidence and witnesses, and (3) a written statement of the evidence relied upon and the reasons for the action taken.  Id. at 1219 (citing Wolff v. McDonnell, 418 U.S. 539 (1974)).  In addition, due process requires some evidence in the record to support the action taken.  Id.; see Hubler v. Lander, 2010 WL 935667, *5 (D.Colo. 2010), aff'd, 413 Fed.Appx. 81 (10th Cir.)(unpublished)[1], cert. denied, 131 S.Ct. 2965 (2011)("[A]n inmate who has not previously been convicted of a sex offense may be classified as a sex offender . . . only if the prison affords him the procedural protections . . . set forth in [Wolff, 418 U.S. at 539]: notice of the charges, an opportunity to present

---

[1] Unpublished opinions are not cited herein as binding precedent, but for persuasive value.  See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. . . . Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision . . . .)(citing Gwinn, 354 F.3d at 1218-19.).  Plaintiff cites Schuyler v. Roberts, 285 Kan. 677, 175 P.3d 259 (2008) as holding that the classification of one as a sex offender without a conviction and simply by "official accusation in the complaint" does not meet due process standards" and that the State must afford notice, hearing and an opportunity to rebut when intending to classify as a sex offender without a sex offense conviction.  Under Kansas Department of Corrections (KDOC) Internal Management Policy and Procedure (IMPP) 11-115, "inmates can be classified as sex offenders based on their prior convictions or their custodial behavior." Schuyler v. Roberts, 36 Kan.App.2d 388, 139 P.3d 781 (Kan.App. 2006).  Plaintiff claims that in this case, as in Schuyler under IMPP 11-115, in order to find he was a sex offender based on his aggravated kidnaping conviction, the review panel had to have found that he was:

> [a]n offender whose crime of conviction is a sex crime as identified by an state or federal statute, an offender with a prior conviction or juvenile adjudication of a sex crime, or a person who has ever been convicted of a crime that was sexually motivated.  'Sexually motivated' means that one of the purposes for which the offender committed the crimes was for the purpose of the offender's sexual gratification.  The sexual motivation of the offense may be determined through either a judicial finding made at the time of sentencing or by information regarding the offense provided to the Kansas Department of Corrections.

Id.

Plaintiff further claims that the defendants' "custom, policy and usage" is the same as before Schuyler that "anyone charged with

4

a crime, regardless of a later finding of not guilty, will be considered a sex offender," and that their custom/policy to not provide a predeprivation hearing is unconstitutional. In addition, he claims that the "classification administrators who conducted the initial classifications" knew plaintiff did not meet the definition of sex offender, but deliberately and with reckless indifference to his constitutional rights classified him "contrary to the law and written regulation." Plaintiff also claims that his right to be treated equally with all similarly-situated sex offenders who were not convicted of sex crimes has been violated, that separation of powers has been violated with the executive branch encroaching upon the legislative branch, and that his reputation has been damaged. See Schuyler, 36 Kan.App.2d at 391-93 (citing Neal v. Shimoda, 131 F.3d 818, 829 (9th Cir. 1997))("[I]t is clear that the State's classification of Schuyler as a sex offender is a statement that is derogatory enough to damage his reputation. 'We can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender.'").

In his prayer for relief, plaintiff seeks compensatory and punitive damages and costs as well as injunctive and declaratory relief.

Plaintiff sues most defendants based upon their alleged participation in the decision to classify him as a sex offender or the override process. The court finds that plaintiff does not allege sufficient personal participation on the part of defendant Jon Graves in either the decision to classify plaintiff as a sex offender or the denial of his request for override. The court further finds that defendant HCF is not a "person" subject to suit

5

Case 5:11-cv-03221-RDR   Document 5   Filed 05/02/12   Page 6 of 8

under § 1983. <u>Franklin v. Kansas Dept. Of Corrections</u>, 160 Fed.Appx. 730, 734 (2005); <u>Davis v. Bruce</u>, 129 Fed.Appx. 406, 408 (10th Cir. 2005). Accordingly, this action is dismissed as against these two defendants.

Plaintiff has not provided adequate information for service of process upon any of the unnamed defendants. Consequently, these defendants cannot be served at this time. Plaintiff must provide information sufficient to allow service upon all unnamed defendants within the time frame set forth in Fed.R.Civ.P. Rule 4(m), or any such defendant that has not been timely served may be dismissed.

Plaintiff alleges that he has exhausted his administrative remedies.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Hutchinson Correctional Facility. <u>See</u> <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978); <u>see</u> <u>also</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and pursuant to 28 U.S.C. §1915(b)(1), he is assessed the full filing fee less amounts already paid in this civil action.[2]

**IT IS FURTHER ORDERED** that this action is dismissed and all

---

[2]   Being granted leave to proceed in forma pauperis entitles him to pay the remainder of the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

6

relief is denied as against defendant Hutchinson Correctional Facility and defendant Jon Graves.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the complaint:

    (a) to ascertain the facts and circumstances;

    (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

    (c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge