```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GARY L. MATTHEWS,**

                **Plaintiff,**

      v.                      **CASE NO.  11-3221-SAC**

**ELIZABETH RICE, SECRETARY
OF CORRECTIONS DESIGNEE, et al.,**

                **Defendants.**

### O R D E R

This matter is before the court upon plaintiff's Motion for "Reconsideration in Part" (Doc. 7), Motion for Status of Proceedings (Doc. 10), and Motion to Appoint Counsel (Doc. 32). Having considered these motions, the court finds as follows.

D.Kan. Rule 7.3 pertinently provides that a motion for reconsideration of a non-dispositive order must be based on:

> (1) an intervening change in controlling law;
> (2) the availability of new evidence, or
> (3) the need to correct clear error or prevent manifest injustice."

Plaintiff does not allege facts in his motion showing either a change in law or new evidence. He merely disagrees with the court's dismissal of two defendants. He does not allege facts or legal authority showing the need to correct clear error or

prevent manifest injustice. He also alleges no facts showing that Graves made the decision either to manage him as a sex offender based on misinformation or to deny his request for relief from sex offender management. The court repeats that HCF is a prison facility, and not a person subject to suit under 42 U.S.C. § 1983.

Plaintiff takes issue with the court's finding that he has not provided adequate information for service upon the unnamed defendants, but suggests that the court is referring to all defendants except Graves and HCF. However, the information he refers to was provided for named defendants, not the unnamed defendants. It should be obvious that if he provides neither the name nor an adequate description of a John Doe or unnamed defendant, that defendant cannot be served.

Plaintiff appears to seek to add two persons as new defendants: Libby Keogh and Laura Thorton. He alleges that he has discovered the identity of members of "this committee." He does not explain which committee on what date or what decision is referred to. Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint. Fed.R.Civ.P. 15 requires that in order to amend a complaint, a complete Amended Complaint must be submitted, and local rule requires that any Amended Complaint be submitted upon court-approved forms. Plaintiff has not properly amended his

complaint to add new defendants. Pro se litigants must follow the Federal Rules of Civil Procedure. Accordingly, the court finds that plaintiff has not properly added any new defendants by suggesting the same in this motion for part reconsideration.

Plaintiff's Motion for Status of Proceedings (Doc. 11) is nothing more than his objection to the Martinez Report. It is denied for the reason that it requests no discernible relief. Plaintiff is aware of the service upon the defendants, and that defendant's Answer has been filed.

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 32) and finds it should be denied without prejudice. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Thus, the decision whether to appoint counsel lies in the court's discretion. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "It is not enough "that having counsel appointed would" assist the prisoner "in presenting his strongest possible case, [as] the same could be said in any case." *Steffey v. Orman,* 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the

prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Considering the above factors, the Court finds in this case that the issues are not complex and plaintiff appears capable of adequately presenting facts and arguments. Thus, the court denies plaintiff's motion for appointed counsel at this juncture. However, this denial is without prejudice, which means that plaintiff may renew this motion at a later time.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Reconsideration in Part (Doc. 7) is denied, plaintiff's Motion for Status of Proceedings (Doc. 11) is denied as requesting no specific relief, and plaintiff's Motion to Appoint Counsel (Doc. 32) is denied without prejudice.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

**Dated this 19th day of June, 2012, at Topeka, Kansas.**

                                                  **s/Sam A. Crow**
                                               **U. S. Senior District Judge**