# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARY L. MATTHEWS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-3221-RDR |
| **ELIZABETH RICE, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendants' motion to dismiss plaintiff's claims under 42 U.S.C. § 1983 as barred by the statute of limitations. Plaintiff is an inmate in the custody of the Kansas Department of Corrections (KDOC) and is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The defendants are the KDOC and various state officials employed by the KDOC. Proceeding pro se, plaintiff contends that the defendants have erroneously classified him as a sex offender. He further claims that the defendants knew he did not meet the requirements of a sex offender and continued to classify him as such based upon a KDOC policy that all inmates charged with sex offenses, whether convicted or not, shall be registered as sex offenders. He asserts claims under § 1983, contending that the actions of the defendants have violated his rights under the First Amendment, substantive due process, procedural due process and equal protection. He seeks compensatory and punitive damages along with injunctive and prospective relief.

I.

In his complaint, plaintiff alleges that in 1996 he was charged with aggravated kidnapping and rape. He was acquitted of rape, but convicted of aggravated kidnapping. He was incarcerated with the KDOC. After incarceration, he was designated by the KDOC as a sex offender. He requested sex offender override in 2004. This request was denied on January 13, 2004. He was released from prison on November 29, 2006.

In 2007, he was charged with robbery and ultimately convicted. He was sentenced in 2008 and again placed in the custody of the KDOC. Subsequently, in 2010, he was notified that he would be treated again as a sex offender. He again requested sex offender override in 2010, and this request was denied on September 9, 2010. Plaintiff did not dispute either the 2004 or the 2010 final order.

Plaintiff once again sought sex offender override in 2011, and this request was denied on June 1, 2011. Following that order, he filed a petition with the Reno County District Court on July 13, 2011 challenging the decision made by the KDOC. The state district court dismissed plaintiff's complaint, finding that plaintiff's failure to exhaust the administrative process by challenging the 2004 order deprived the court of subject matter jurisdiction. The court further noted that even if the "2004 override denial did not work that effect, petitioner's subsequent failure to appeal the 2010 denial and

2

untimely effort to appeal the 2011 denial would similarly deprive the court of jurisdiction." Plaintiff filed the instant case on December 20, 2011.

II.

The defendants contend that plaintiff's claims are barred by the applicable statute of limitations, which is two years. They argue that plaintiff's delay in waiting seven years to challenge the KDOC's original denial of sex offender override in 2004 renders the instant claims barred by the statute of limitations.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. See Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007)("Because Mr. Trackwell proceeds pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys."). If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority ... confusion of various legal theories ... or [plaintiff's] unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." Id. As it relates to motions

3

to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff." Ramirez v. Dept. of Corr., Colo., 222 F.2d 1238, 1240 (10th Cir. 2000). "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the statute of limitations is generally an affirmative defense, it may also sometimes "be appropriately resolved on a Fed.R.Civ.P. 12(b) motion." Aldrich v. McCulloch Prop., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Specifically, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." Id. The "length of the limitations period" is a question governed by state law. Wilson v. Garcia, 471 U.S. 261, 269 (1985). The Tenth Circuit Court of Appeals has ruled that § 1983 civil right complaints "should be characterized as actions for injury to the rights of another" and are therefore governed by K.S.A. § 60-513(a)(4). Hamilton v. City of Overland Park, Kan., 730 F.2d 613, 614 (10th Cir. 1984). The applicable length of time, according to the statute, is two years. See K.S.A. § 60-513(a)(4). Additionally, for the purpose of the statute of limitations, § 1983 claims accrue "'when the plaintiff knows or has reason to know of the

4

injury which is the basis of his action.'" Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)(quoting Bireline v. Seagondollar, 632 F.2d 185, 191 (2nd Cir. 1980)).

III.

The defendants point to Romero v. Lander, 461 Fed.Appx. 661 (10th Cir.), cert. denied, 133 S.Ct. 212 (2012) for support. In Romero, the Tenth Circuit ruled that plaintiff's challenge under § 1983 to his sex offender classification accrued when he was classified as a sex offender following an administrative hearing in 2000, not when the KDOC notified him in 2009 that it had reviewed his sex offender treatment and monitoring program file and determined to reimpose the sex offender classifications. Romero, 461 Fed.Appx. at 668. The Court noted that plaintiff's alleged injuries stemmed from the original 2000 designation. Id. at 669. Accordingly, the Court found that plaintiff's claims were barred by the statute of limitations. Id.

The court agrees with the defendants and finds that the reasoning of Romero controls. Here, plaintiff knew or should have known of the alleged constitutional violations giving rise to his claims at the time when he was first classified as a sex offender. He requested sex offender override in 2004 and failed to take any action concerning the denials of his requests until 2011 when he filed a petition in state court. His efforts to challenge the

classification came long after the expiration of the two-year statute of limitations.

Plaintiff has suggested that the continuing violation doctrine should apply to his claims. This court is not persuaded that the continuing violation doctrine is applicable to claims under § 1983. See Mercer-Smith v. New Mexico Children, Youth and Families Dept., 416 Fed.Appx. 704, 712 (10th Cir. 2011). However, even if it applies, the exception is triggered by a continuous series of unlawful acts, not by the continuing effects of the original violation. See Parkhurst v. Lampert, 264 Fed.Appx. 748, 749 (10th Cir. 2008). In this case, plaintiff is alleging the same ill effects from the first denial of his request for sex offender status override in 2004. The constitutional claims asserted by plaintiff all arise from the KDOC's 2004 decision. Accordingly, the court does not find that the continuing violation doctrine applies. Accordingly, the court must dismiss plaintiff's claims because they are barred by the two-year statute of limitations.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 36) be hereby granted. Plaintiff's claims are barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2013, at Topeka, Kansas.

                                            *s/Richard D. Rogers*
                                            United States District Judge